## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DOTERRA HOLDINGS ET AL,<br><br>Plaintiffs,<br><br>v.<br><br>ZKOUTY et al,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' [14] MOTION FOR ALTERNATIVE SERVICE<br><br>Case No. 2:22-cv-00529-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiffs' ex parte Motion for Alternative Service (ECF 14). Plaintiffs seek to serve Defendants zKouty, Zhoukou Nongsen Trading Co. Ltd., Yaoyijun, IKING, and Wang Xiaoming (collectively, Defendants) through email pursuant to Federal Rule of Civil Procedure 4(f)(3). As set forth below, the court GRANTS the Motion (ECF 14).

### BACKGROUND

This is a trademark infringement action against Defendants for using reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' registered trademarks to advertise, sell, and distribute counterfeit goods on Amazon (ECF 14 at 2). Based on the information available to Plaintiffs, it is believed that Defendants are domiciled in China (ECF 9 at 6). Plaintiffs obtained Defendants' alleged mailing address from Amazon and mailed a request to waive service, but the documents were returned as undeliverable (*id.* at 4–6). Plaintiffs also emailed the same documents to the email addresses linked to Defendants' Amazon accounts, and Plaintiffs have yet to receive a response (*id.* at 6–7).[1] Plaintiffs, however, have confirmed that the messages sent via email were

---

[1] Defendants zKouty, Zhoukou Nongsen Trading Co. Ltd., and Yaoyijun have the following email address registered with their Amazon account: n181337691667@126.com (ECF 14 at 3). For Defendants IKING and Xiaoming Wang, the following email address is registered with their Amazon account: ikingecom@gmail.com (*id.*).

successfully delivered (*id.*). In light of these circumstances, Plaintiffs request the court to permit

them to serve Defendants via email (*id.* at 3). In support of this request, Plaintiffs assert that "no

international agreement between the United States and China prohibits service of process on an

individual or business entity domiciled in China via email" (*id.* at 7). Plaintiffs further contend that

serving Defendants using the email addresses associated with their Amazon accounts is a method

of service comports with due process because it is reasonably calculated to apprise Defendants of

the pendency of this action and affords them an opportunity to respond (*id*.).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 4(h)(2) states that foreign corporations may be served "in

any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Unless there

is an internationally agreed means of service, an individual in a foreign country may be served

under either Rule 4(f)(2) or 4(f)(3). Fed. R. Civ. P. 4(f). Subsection (f)(2) permits alternative

service when it is "reasonably calculated to give notice" through legally prescribed methods such

as the foreign country's service laws or other methods not prohibited by the country. Fed. R. Civ.

P. 4(f)(2). Subsection (f)(3) permits service on an individual in a foreign country "by other means

not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Courts have concluded that Rule 4(f) does not create a hierarchy of preferred methods of

service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under

Rule 4(f)(3). *Love-Less Ash Co., Inc. v. Asia P. Constr., LLC*, No. 2:18-CV-00595-CW-DAO,

2021 WL 3679971, at *2 (D. Utah Aug. 19, 2021) (citing *Rio Properties, Inc. v. Rio Intern.*

*Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). Service under Rule 4(f)(3) has two requirements:

(1) it "must comport with constitutional notions of due process," and (2) "must not be prohibited

by international agreement." *Rio Properties*, 284 F.3d at 1015; *see also Love-Less Ash Co.*, 2021

WL 3679971, at *2 (finding that under Rule 4(f)(3), the relevant inquiry is whether the "method

of service is 'prohibited' by international agreement, including the Hague Convention" (citing *Compañía De Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020))). Ultimately, the decision to order service of process under Rule 4(f)(3) is "committed to the sound discretion of the district court." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quoting *United States v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012)).

## DISCUSSION

Plaintiffs ask the court to permit alternative service of the complaint and summons to Defendants' email addresses. Regarding the first requirement for service under Rule 4(f)(3), the Supreme Court has stated that due process requires service of process that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Courts have previously determined that service of process by email meets constitutional due process requirements. *See, e.g.*, *DP Creations, LLC v. Reborn Baby Mart*, No. 2:21-cv-00574-JNP, 2021 WL 11585915 at *8 (D. Utah, Nov. 22, 2021) ("In this case, email service clearly comports with constitutional notions of due process."); *Rio Properties*, 284 F.3d at 1017 (concluding "[w]ithout hesitation" that service of process by email met constitutional due process requirements).

Here, service by email is likely the most effective way to notify Defendants of this case. As alleged in Plaintiffs' Amended Complaint, Defendants appear to primarily communicate and operate through electronic communication, and Plaintiffs show that the emails provided are the primary email addresses listed on Defendants' Amazon accounts. Thus, service by email is reasonably calculated to promptly notify Defendants of the pending action. *See DP Creations*, 2021 WL 11585915 at *8 (concluding that because Defendants were e-commerce and foreign-

based companies, service of process by email was likely "the only means of effecting service of process" (quoting *Rio Properties*, 284 F.3d at 1018)); *see also Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, No. 5:20-CV-04773-EJD, 2020 WL 5199434, at *8 (N.D. Cal. Aug. 17, 2020) (finding service by email proper where Chinese defendants "operate Internet-based businesses trafficking in counterfeit ... products[,] ... provide email addresses for communication, and ... ultimately negotiated and consummated transactions for sale of the infringing products ... via email").

Service via email also satisfies the second requirement for service under Rule 4(f)(3), because service by email is not prohibited by international agreements. This court has held that the "Hague Convention does not expressly prohibit service by email." *Love-Less Ash Co.*, 2021 WL 3679971, at *2. Further, courts have held that service by email complies with Rule 4(f)(3). *See, e.g.*, *DP Creations*, 2021 WL 11585915 at *8–9; *Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-287-DAK-DBP, 2020 WL 6364598, at *4–5 (D. Utah Oct. 29, 2020) (concluding that "email service is not prohibited by international agreement," even though China objected to service by postal channels under Article 10 of the Hague Convention); *Cisco Sys.*, 2020 WL 5199434, at *14 (concluding that "service by email on defendants in China is not barred by any international agreement"). For these reasons, the court finds that Plaintiffs' requested method of service comports with the requirements for service under Rule 4(f)(3).

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

(A)   The Motion is GRANTED.

(B)   Plaintiffs are permitted to effect service of their Amended Complaint to Defendants zKouty, Zhoukou Nongsen Trading Co. Ltd., and Yaoyijun via email using the n181337691667@126.com email address, and to serve Defendants IKING and Xiaoming Wang via email using the ikingecom@gmail.com email address.

(C)   Service of the Amended Complaint will be complete once Plaintiffs receives a confirmation that the Amended Complaint has been sent to the recipient.

(D)   A copy of this order must be served with the Amended Complaint.

IT IS SO ORDERED.

DATED this 13 September 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah